UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                              :

JOHN A. ESPOSITO                        :              3:17 CV 566 (RMS)
                                                              :
V.                                                        :
                                                             :
ANDREW SAUL, COMMISSIONER       :
OF SOCIAL SECURITY               :              DATE: JUNE 5, 2020
                                                             :
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On April 20, 2020, the plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 27). On April 30, 2020, the defendant filed its response (Doc. No. 29), and on May 3, 2020, the plaintiff filed his reply brief. (Doc. No. 30; *see also* Doc. Nos. 31 and 32).

On April 25, 2020, this case was transferred to the undersigned. (Doc. No. 28). For the reasons set forth below, the plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 27) is GRANTED.

I.       PROCEDURAL BACKGROUND

The plaintiff's counsel represented the plaintiff in two civil actions before this Court. In the first action, *Esposito v. Colvin*, Civ. No. 3:13 CV 847 (JGM), the Court reversed and remanded the case for further proceedings following a motion made by the defendant for a voluntary remand under Sentence Four of 42 U.S.C. § 405(g), and judgment entered. (Doc. No. 27 at 1). Thereafter, on December 23, 2016, an Administrative Law Judge ("ALJ") issued a "Partially Favorable" decision denying the plaintiff's claim for Disability Insurance Benefits and granting the plaintiff's claim for Supplemental Security Income Benefits only as of February 26, 2013. (*Id.* at 1-2). The plaintiff commenced an action in this Court appealing the unfavorable portion of the ALJ's

December 23, 2016 decision. *See Esposito v. Berryhill*, Civ. No. 3:17 CV 556 (DFM). The Court reversed and remanded the case for further proceedings following a motion made by the defendant for a voluntary remand under Sentence Four of 42 U.S.C. § 405(g), and judgment entered. (*Id.* at 2). Following a hearing held upon remand, the ALJ entered a fully favorable decision on October 24, 2019. (*Id.* at 2).

On November 4, 2019, the plaintiff's counsel received a copy of the "Notice of Award" mailed to the plaintiff (*see* Doc. No. 30-1), but that notice did not indicate the total amount of the plaintiff's retroactive award upon which a motion for approval of contingent-based attorney's fees would be based. Thus, the plaintiff's counsel awaited additional information from the SSA but, despite having been counsel of record for the plaintiff since 2013 (Doc. No. 30 at 1), he did not receive further correspondence.

As the defendant acknowledges, it was not until April 9, 2020, that the SSA issued a document entitled, "Notice of Change in Benefits," advising the plaintiff that he was entitled to a total retroactive award of $123,143.00. (Doc. No. 27 at 2 & n.1; *see also* Doc. Nos. 31 and 32). The defendant does not dispute that this document was never sent to the plaintiff's counsel.

Pursuant to the retainer agreement between the plaintiff and his counsel, entered on June 3, 2013, and consistent with 42 U.S.C. § 406(b), the plaintiff's counsel would receive the payment of an attorney's fee in the amount of 25% of the retroactive benefit awarded. (Doc. No. 27 at 3); *see* 42 U.S.C. § 406(b)(1)(A). Accordingly, counsel requests an award of $30,785.75 under Section 406(b).

II.   <u>LEGAL STANDARD</u>

Pursuant to 42 U.S.C. § 406(b)(1), "'[w]henever a court renders a judgment favorable to a claimant . . . who represented before the court by an attorney, the court may determine and allow

as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)). Thus, attorney fee awards under section 406(b) of the Social Security Act are paid directly out of the plaintiff's past benefits due to his attorney pursuant to the terms of a contingency agreement. 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.").

The effect of section 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations & internal quotation marks omitted).  Accordingly, when considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Wells II*, 907 F.2d at 371.

The Court is tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or

overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

In this case, plaintiff's counsel seeks an award in the amount of $30,785.75, which is 25% of the total past due benefits of $123,120. It is undisputed that this requested amount does not exceed the statutory cap. The plaintiff's counsel asserts that he spent a total of 68.2 hours of services at the district court level; thus, the *de facto* hourly rate is $451.40. (Doc. No. 27 at 5-6). The defendant agrees that the hourly rate "is reasonable and not a windfall, [and that,] courts within this District and within the Second Circuit have approved comparable hourly rates." (Doc. No. 30 at 3-4). Additionally, the defendant agrees that "there is no evidence of fraud or overreaching." (Doc. No. 30 at 4). The Court, too, agrees that the contingent fee requested is reasonable.

The defendant acknowledges also that the plaintiff's counsel received no EAJA fees as the awarded fees were offset under the U.S. Treasury Offset Program. (Doc. No. 29 at 5; *see* Doc. No. 27, at 7). Thus, there is no fee to "refund" to the plaintiff.

The disputed issue before the Court is whether the plaintiff's counsel's 406(b) Motion was timely filed. (*See* Doc. No. 29 at 6). The Court concludes that it was, under the circumstances of this case.

Although Section 406(b) does not contain a time limitation for filing fee applications, the Second Circuit has made clear that the 14-day (plus three days for mailing) filing deadline for attorney fee petitions in Fed. R. Civ. P. 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 & 89 n.5 (2d Cir. 2019). In reaching that conclusion, the Second Circuit explained that Rule 54(d)(2)(B)'s limitations period applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application of attorney's fees that are statutorily capped by the amount of an

as-yet-unknown benefits award. Once **counsel** receives notice of the benefits award[,]" the fourteen-day limitations period begins to run. *Sinkler*, 932 F.3d at 88 (emphasis added).

The defendant argues that the April 9, 2020 "Notice of Change in Benefits" sent to the plaintiff was "not the same as the Notice of Award letter contemplated" in *Sinkler*, but the defendant does not dispute that the SSA did not send a copy of that Notice to plaintiff's counsel, nor did it withhold any portion of the retroactive payment for the satisfaction of attorney's fees. (Doc. No. 27 at 3).[1]

The November 4, 2019 "Notice of Award" sent to the plaintiff's counsel did not indicate the amount of the plaintiff's retroactive award and, as a result, a motion for approval of the award of a contingent-based fee could not be filed using that document. (*See* Doc. No. 30, Ex.); *see Sinkler*, 932 F.3d at 88 (explaining that Rule 54(d)(2)(B)'s limitations period applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application of attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award."). The April 9, 2020 Notice, conversely, advised the plaintiff that he was entitled to a total retroactive award of $123,143. (Doc. No. 32; *see* Doc. No. 27 at 2). Once the Commissioner provided notice of the retroactive award of benefits, a contingent-based fee could be calculated. That notice then triggered the fourteen-day limitations period set forth in Rule 54(d)(2)(b). *Sinkler*, 932 F.3d at 88 (holding that the limitations period begins to run "[o]nce counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed[]").

---

[1] The defendant notes that the Commissioner did not withhold funds from the benefit award for the payment of attorney's fees because no attorney had provided the agency with a "valid fee agreement." (Doc. No. 29 at 3 n.1). The Commissioner, however, was aware of plaintiff's counsel's representation as they sent him previous correspondence, and the defendant has not explained why the plaintiff's counsel was cut out of this process and denied notification of the award of past benefits.

As stated above, the April 9, 2020 Notice was not sent to the plaintiff's counsel, but upon receipt of it, the plaintiff texted pictures of the notice to his counsel. (Doc. No. 30 at 2; Doc. No. 32). The plaintiff's counsel filed the pending motion for fees on April 20, 2020, eleven days after the April 9, 2020 Notice. (Doc. No. 27). Though the plaintiff's counsel still has not received the sort of notice captioned as a "Notice of Award" referenced in *Sinkler*, the April 9, 2020 Notice provided the same information. The Court concludes, therefore, that the plaintiff's motion, which was filed eleven days after the April 9, 2020 Notice, was timely filed.

III.   CONCLUSION

For the reasons stated above, the plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1) (Doc. No. 27) is GRANTED in the amount of $30,785.75.

SO ORDERED at New Haven, Connecticut this 5th day of June, 2020.

      /s/ Robert M. Spector
      Robert M. Spector
      United States Magistrate Judge